**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MCI Communications Services Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Contractors West Incorporated,<br><br>　　　　　Defendant. | No. CV-15-02558-PHX-DGC<br><br>**ORDER** |

On December 16, 2015, Plaintiff MCI Communications Services, Inc. ("MCI") filed a complaint against Defendant Contractors West, Inc. ("CWI"), asserting claims for trespass, negligence, and violation of the Arizona Damage Protection Act ("ADPA"). Doc. 1. The complaint seeks actual and punitive damages. *Id.* at 4. Defendant moves to dismiss the trespass and ADPA claims, and to strike Plaintiff's punitive damages allegations.[1] Doc. 14. The motion is fully briefed (Docs. 16, 19) and the Court concludes that oral argument will not aid in its decision.[2] For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

**I.　Background.**

MCI is a telecommunications company that provides some of its services using underground fiber-optic cables. Doc. 1, ¶ 6. MCI has an agreement with Burlington

---

[1] Defendant actually asks the Court to dismiss the punitive damages claim. Doc. 14 at 1. As explained below, the Court will construe this as a motion to strike.

[2] Plaintiff's request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Northern Santa Fe Railroad that allows MCI to install and operate cables on the Railroad's property. *Id.*, ¶ 7. One of the Railroad-owned properties MCI uses is in Glendale, Arizona. *Id.*

MCI alleges that CWI conducted an excavation at the Glendale property on December 23, 2013. *Id.*, ¶ 9. Prior to the excavation, MCI erected warning signs near the cable and marked its location on the ground with orange paint. *Id.*, ¶¶ 10-11. Even so, CWI hit and damaged the cable. *Id.*, ¶ 12. MCI contends that it suffered damages in excess of $75,000 as a result. *Id.*, ¶ 13. It further contends that CWI's actions "exhibited an evil mind, a willful and wanton disregard of MCI's rights[,] and a conscious indifference to the consequences." *Id.*, ¶ 14.

## II. Motion to Dismiss.

### A. Legal Standard.

A successful Rule 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court must take the well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations do not enjoy a presumption of truth and are not sufficient to defeat a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

### B. Persuasive Value of Another District Court's Opinion.

Defendant moves to dismiss Plaintiff's claims for trespass and violation of the ADPA. Defendant's motion relies on *Sprint Communications Co., L.P. v. Western Innovations, Inc.*, 618 F. Supp. 2d 1101 (D. Ariz. 2009). Doc. 14 at 2-3. Plaintiff acknowledges that *Western Innovations* supports Defendant's view, but contends that it was wrongly decided. Doc. 16 at 7-8, 11-12.

"The doctrine of stare decisis does not compel one district court judge to follow the decision of another." *Starbuck v. City & Cty. of S.F.*, 556 F.2d 450, 457 (9th Cir. 1977). District courts "must not treat decisions by other district judges . . . as controlling, unless of course the doctrine of res judicata or of collateral estoppel applies. Such decisions will normally be entitled to no more weight than their intrinsic persuasiveness merits." *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987). A district court's decision is, however, entitled to "the careful and respectful attention of a court confronted with a similar case." *Id.* at 1123.

### C. ADPA.

The parties agree that Plaintiff initiated this action more than one but less than two years after it discovered its ADPA claim, but disagree on which statute of limitations applies. Defendant argues (Doc. 14 at 2-3) that the claim is governed by A.R.S § 12-541(5), which establishes a one-year limitations period for "liabilit[ies] created by statute." Plaintiff argues (Doc. 16 at 9) that its claim is governed by A.R.S. § 12-542(3), which establishes a two-year statute of limitations for "trespass . . . done to the estate or the property of another."

*Western Innovations* held that claims under the ADPA are subject to § 541(5)'s one-year limitations period. Doc. 14 at 3 (citing 618 F. Supp. 2d at 1110). Plaintiff contends that *Western Innovations* overlooked Arizona cases holding that § 541(5) does not apply where liability "would exist in some form irrespective of the statute." Doc. 16 at 11-12 (citing *Maricopa Cty. Mun. Water Conservation Dist. No. 1 v. Warford*, 206 P.2d 1168, 1172 (Ariz. 1949)). Defendant rejoins by citing *Murdock v. Balle*, 696 P.2d

230, 233 (Ariz. Ct. App. 1985), an Arizona case holding that § 541(5) applies where a statute "creates a new cause of action by altering certain elements of the common law." Doc. 19 at 1-2.

Defendant has the better argument. Although Arizona courts originally construed the phrase "liability created by statute" narrowly, *see Warford*, 206 P.2d at 1172, more recent cases have held that "[w]hen either a common law or statutory cause of action may be maintained, and the elements of the common law cause of action are different than the elements of the statutory cause of action, different limitations statutes apply to each." *Alaface*, 892 P.2d at 1387; *Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 16 P.3d 801, 803 (Ariz. Ct. App. 2000) (quoting *Alaface*).

Applying this principle, Arizona courts have held that (1) an action under the Arizona Consumer Fraud Act is governed by § 541(5) because the Act dispenses with the reasonable reliance requirement of common law fraud, *Murry v. W. Am. Mortgage Co.*, 604 P.2d 651, 654 (Ariz. Ct. App. 1979); (2) an action under Arizona's dog bite statute is governed by § 541(5) because the statute replaces the fault-based approach of the common law with a strict liability regime, *Murdock*, 696 P.2d at 233; and (3) a misrepresentation action under Arizona's subdivision reporting statute is governed by § 541(5) because that statute dispenses with the reliance requirement of common law misrepresentation, *Alaface*, 892 P.2d at 1387-88. The Arizona Supreme Court has also indicated that § 541(5) governs a negligent misrepresentation claim brought under the Insurance Code. *Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1139 (Ariz. 1982) (citing *Murry*, 604 P.2d at 654).

Under this precedent, § 541(5) applies to this case. The ADPA dispenses with elements of its common law precursors: in contrast to a negligence claim, an ADPA claim need not allege fault, and in contrast to a trespass claim, an ADPA claim need not establish that the excavator's interference with the damaged infrastructure was knowing and intentional. *See* A.R.S. § 40-360.26(A); *id.* at § 360.28(B). Because § 541(5) applies and Plaintiff did not bring its claim within one year, the claim is time-barred.

**D.     Trespass.**

Defendant argues that the ADPA abrogates the common law of trespass or, in the alternative, that Plaintiff has not stated a claim for trespass. Doc. 14 at 3 (citing *Western Innovations*, 618 F. Supp. 2d at 1114). Plaintiff disagrees on both points. Doc. 16 at 6.

The Court concludes that the ADPA does not abrogate the common law of trespass. The Arizona Legislature has expressly provided that it shall be "cumulative and supplemental to other provisions of law." A.R.S. § 40-360.29(A).

In addition, the Court concludes that Plaintiff has stated a trespass claim. In Arizona, an excavator who damages underground infrastructure is liable for trespass if there is "proof that the [excavator] intended to strike" the infrastructure. *Mountain States Telephone & Telegraph Co. v. Kelton*, 285 P.2d 168, 172 (Ariz. 1955) (quoting *Socony-Vacuum Oil Co. v. Bailey*, 109 N.Y.S.2d 799, 802 (N.Y. Sup. Ct. 1952)). To establish intent in a trespass action, it is not necessary to show that the defendant acted for the purpose of interfering with the plaintiff's property. "It is enough that he kn[ew] that his conduct w[ould] result in such an entry, inevitably *or to a substantial certainty*." Restatement (Second) of Torts § 163, cmt. c (1965) (emphasis added); *see also Koepnick v. Sears Roebuck Co.*, 762 P.2d 609, 617 (Ariz. App. 1988) ("Arizona courts follow the Restatement (Second) of Torts absent authority to the contrary."). Plaintiff has pleaded facts regarding the marking of the cable location that give rise to a reasonable inference that Defendant knew to a substantial certainty that its excavation would damage the cable. *See* Doc. 1, ¶¶ 10-11. Assumed true, these allegations state a claim for trespass under *Mountain States*.[3]

**IV.    Motion to Strike.**

Defendant asks the Court to dismiss Plaintiff's punitive damages claim. Doc. 14 at 1. Because "punitive damages are a remedy, not a claim," *Martin v. Medtronic, Inc.*,

---

[3] In reaching this conclusion, the Court has given careful consideration to the decision in *Western Innovations*. Because that decision did not consider the ADPA's savings clause or *Mountain States*, however, the Court cannot adopt its holding that the ADPA displaces the common law of trespass.

- 5 -

63 F. Supp. 3d 1050, 1061 (D. Ariz. 2014), a request for punitive damages cannot be dismissed for failure to state a claim. *See also* Fed. R. Civ. P. 8(a) (distinguishing between "claim showing that the pleader is entitled to relief" and "demand for relief"). The Court will construe Defendant's request as a motion to strike under Rule 12(f). *See, e.g., Nouri v. Ryobi Am. Corp.*, No. CV 2:14-6283-ODW PJW, 2014 WL 5106903, at *3 (C.D. Cal. Oct. 9, 2014) (considering motion to strike punitive damages allegations); *David v. Giurbino*, 488 F. Supp. 2d 1048, 1060 (S.D. Cal. 2007) (same).

A court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although generally disfavored, a motion to strike may be granted where necessary to spare the parties the time and expense associated with "litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A successful motion to strike must show that the law is clear beyond reasonable dispute and that the relevant claim or defense could not succeed under any set of circumstances. *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citing *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005)). The motion to strike "was never intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *judgment vacated on other grounds*, 478 U.S. 1015 (1986) (citation omitted). Moreover, even a purely legal question will not be decided on a motion to strike if discovery might provide useful context for decision or render the question moot. *See id.* (citations omitted).

Defendant argues that Plaintiff's punitive damages allegations must be stricken because Plaintiff has not alleged facts, accepted as true, that would show that Defendant engaged in the type of "reprehensible conduct" that would justify an award of punitive damages under Arizona law. Doc. 14 at 4 (citing *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 454 (Ariz. Ct. App. 2015) (punitive damages available only against defendant that engaged in "reprehensible conduct combined with an evil mind over an above that required for commission of a tort.")). This argument is unavailing. A motion

to strike is not a vehicle for testing the factual adequacy of an allegation; at most, it is a vehicle for dispensing with allegations that are clearly insufficient as a matter of law. *See Sanders*, 672 F. Supp. 2d at 990. Even "conclusory" punitive damages allegations will not be stricken unless it is clear that punitive damages are unavailable as a matter of law. *See Nouri*, 2014 WL 5106903, at *2 ("'conclusory allegations of oppression, fraud, or malice' are sufficient to survive a motion to strike") (quoting *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000)); *cf.* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Because Plaintiff alleges that the location of the cable was clearly marked, and Defendant does not contend that punitive damages are unavailable as a matter of law, the motion to strike must be denied.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 14) is **granted** with respect to Plaintiff's ADPA claim.
2. Defendant's motion is otherwise **denied.**

Dated this 1st day of March, 2016.

David G. Campbell
United States District Judge